## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NURA USA, LLC,<br><br>                       **Plaintiff,**<br><br>     v.<br><br>UNITED STATES,<br><br>                       **Defendant.** | Court No. 24-00182 |

## COMPLAINT

Plaintiff NURA USA, LLC ("NURA"), by and through its attorneys, alleges and states as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiff brings this Complaint to contest certain aspects of the final determination of the U.S. International Trade Commission ("USITC") in the antidumping and countervailing duty investigations on certain pea protein from China. *See Certain Pea Protein From China*, 89 Fed. Reg. 67,671 (USITC Aug. 21, 2024) ("Final Determination"); *Certain Pea Protein From the People's Republic of China: Antidumping and Countervailing Duty Orders*, 89 Fed. Reg. 68,390 (Dep't Commerce Aug. 26, 2024) ("Orders"). The Final Determination was issued on August 15, 2024, and was published in the Federal Register on August 21, 2024. *See* Final Determination.

**JURISDICTION**

2.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action was commenced under sections 516A(a)(2)(A)(i)(II) and (a)(2)(B)(i) of the Tariff Act of 1930, as amended.  19 U.S.C. §§ 1516a(a)(2)(A)(i)(II), (a)(2)(B)(i).

**STANDING**

3.     Plaintiff is an importer of subject merchandise and therefore an interested party within the meaning of 19 U.S.C. § 1516a(f)(3) and 19 U.S.C. § 1677(9)(A).  NURA participated actively in the USITC investigation that led to the Final Determination, including by filing a questionnaire response, briefs, and final comments.  Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

**TIMELINESS OF ACTION**

4.     Plaintiff commenced this action by filing a summons on September 25, 2024, within 30 days after publication of the Orders based upon the Final Determination in the Federal Register.  Plaintiff is filing this Complaint within 30 days after filing the Summons.  Accordingly, this action is timely filed pursuant to 19 U.S.C. § 1516a(a)(2)(A) and Rule 3(a)(2) of this Court.

**HISTORY OF THE ADMINISTRATIVE PROCEEDING**

5.     PURIS Proteins, LLC filed petitions seeking the imposition of antidumping and countervailing duties on certain high protein content ("HPC") pea protein from China on July 12, 2023.  Final Determination, 89 Fed. Reg. at 67,671.  The USITC conducted its preliminary investigation between July 12, 2023 and August 28, 2023.  *See Certain Pea Protein From China*, 88 Fed. Reg. 60,495 (USITC Sept. 1, 2023).

6.      The U.S. Department of Commerce ("Commerce") conducted the antidumping and countervailing duty investigations concurrently.  Commerce issued its final determinations in the antidumping and countervailing duty investigations on June 27, 2024.  *See Certain Pea Protein From the People's Republic of China: Final Affirmative Countervailing Duty Determination and Final Affirmative Critical Circumstances Determination*, 89 Fed. Reg. 55,557 (Dep't Commerce July 5, 2024) ("Commerce CVD Final Determination"); *Certain Pea Protein From the People's Republic of China: Final Affirmative Determination of Sales at Less Than Fair Value and Final Affirmative Critical Circumstances Determination*, 89 Fed. Reg. 55,559 (Dep't Commerce July 5, 2024) ("Commerce AD Final Determination").  In the countervailing duty investigation, Commerce made a final affirmative determination of critical circumstances with respect to "imports of pea protein from China for Junbang, Yantai Oriental, all other producers and/or exporters, and the non-responsive companies."  Commerce CVD Final Determination, 89 Fed. Reg. at 55,557.  In the antidumping duty investigation, Commerce made a final affirmative determination of critical circumstances with respect to the separate rate companies and the China-wide entity.  Commerce AD Final Determination, 89 Fed. Reg. at 55,559-60.

7.      The USITC commenced the final phase of its investigations on March 5, 2024, with the publication of a scheduling notice in the Federal Register.  *Certain Pea Protein From China; Scheduling of the Final Phase of Countervailing Duty and Antidumping Duty Investigations*, 89 Fed. Reg. 15,895 (USITC Mar. 5, 2024).  The USITC held a hearing on June 25, 2024.  NURA and other interested parties filed post-hearing briefs on July 2, 2024.  In their post-hearing briefs, NURA and the Chinese respondents explained that the record did not support a finding of critical circumstances because there was no massive surge of subject imports post-

petition that could seriously undermine the effectiveness of orders. *See Views of the Commission* at 59-60.

8.  The USITC issued the Final Determination on August 21, 2024. *See* Final Determination. Two of the four participating Commissioners found that critical circumstances exist with respect to imports of HPC pea protein from China that were subject to Commerce's final affirmative critical circumstances determinations. *Views of the Commission* at 3. Commissioner Schmidtlein made a negative determination with respect to critical circumstances, and Commissioner Johanson found that the domestic industry was only threatened with material injury by reason of subject imports, and therefore did not reach the issue of critical circumstances. *Id.* at 3, nn. 2 & 3.

9.  The majority explained in the *Views of the Commission* that it compared the volume of subject imports in the five months prior to the filing of the petitions (February to June 2023) with the volume of imports in the five months after the filing of the petitions (July to November 2023). *Id.* at 60-61. The majority found the increase in the volume of subject imports post-petition was significant, "particularly given how large the volume of subject imports was even before the post-petition increase in that volume, within the context of the overall U.S. market." *Id.* at 61. The majority also "note{d} that {the} effect of this increase in post-petition volume was exacerbated by the already-dominant position of subject imports in the U.S. market." *Id.* at 62. The majority acknowledged that the "percentage increase in post-petition imports {was} less than in some other recent investigations," but stated that the "increase was from a very large base." *Id.* at 62-63. Citing evidence of underselling by subject imports, the majority concluded that the adverse impact of subject imports "is likely to undermine seriously the effect" of the Orders. *Id.* at 65.

10. In her dissenting opinion, Commissioner Schmidtlein found that critical circumstances do not exist with respect to imports of HPC pea protein from China. Commissioner Schmidtlein found that neither the increase in volume of subject imports nor the increase in inventory levels post-petition demonstrate a "massive and rapid increase that would likely undermine the remedial effect of the orders." *Dissenting Views of Commissioner Rhonda K. Schmidtlein Regarding Critical Circumstances* at 5-6. Commissioner Schmidtlein stated, "The statute and legislative history make clear that the magnitude of the increases in both import volumes and inventories are important to the Commission's analysis," and she found that the increases present on the record do not satisfy this standard. *Id.* at 6-7. Commissioner Schmidtlein noted that the increases in subject import volume and inventory levels in this case were less than the increases in previous cases where the USITC has reached affirmative critical circumstances determinations. *Id.* at 6, n.22. Commissioner Schmidtlein also stated that the majority's focus on the total volume of subject imports in the post-petition period, rather than the increase, and the large base from which imports increased, obviate a finding of a "substantial" or "massive" increase, as contemplated by the statute and legislative history. *Id.* at 7.

## STATEMENT OF CLAIMS

### Count One

11. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 10.

12. The USITC's finding that critical circumstances exist with respect to imports of HPC pea protein from China that were subject to Commerce's final affirmative critical circumstances determinations is unreasonable, unsupported by substantial evidence, and otherwise not in accordance with law.

## **REQUEST FOR JUDGMENT AND RELIEF**

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that the Court:

1) Hold that the USITC's affirmative determination of critical circumstances is not supported by substantial evidence and is otherwise not in accordance with law;

2) Remand the Final Determination for disposition in accordance with the Court's final opinion; and

3) Grant such other relief as the Court may deem just and proper.

          Respectfully submitted,

          /s/ Jeffrey I. Kessler
          Jeffrey I. Kessler
          Stephanie E. Hartmann
          Sydney J. Warren

          WILMER CUTLER PICKERING
            HALE and DORR LLP
          2100 Pennsylvania Avenue NW
          Washington, DC 20037
          (202) 663-6612
          jeffrey.kessler@wilmerhale.com

Date:  October 25, 2024