**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE LISA W. WANG, JUDGE**

| | |
|---|---|
| NURA USA, LLC,<br><br>　　　　　　Plaintiff,<br><br>　and<br><br>JIANYUAN INTERNATIONAL CO., LTD., SHANDONG YUWANG ECOLOGICAL FOOD INDUSTRY CO., LTD., LINYI YUWANG VEGETABLE PROTEIN CO., LTD., YANTAI ORIENTAL PROTEIN TECH CO., LTD., JIUJIANG TIANTAI FOOD CO., LTD.,<br><br>　　　　　　Consolidated Plaintiffs,<br><br>　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant,<br><br>　and<br><br>PURIS PROTEINS, LLC *doing business as* PURIS,<br><br>　　　　　　Defendant-Intervenor. | Court No. 24-00182 |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

    Defendant, the United States, by and through the U.S. International Trade Commission ("Commission") respectfully submits for the Court's consideration the decision issued on October 15, 2025, by the United States Court of Appeals for the Federal Circuit in *Sweet Harvest Foods, et al. v. United States,* Slip. Op., No. 24-1371 (Dkt. 68), -- F.4th ---, *available at* 2025 WL 2921493 (Fed. Cir. Oct. 15, 2025), as supplemental authority relevant to the issues before the Court in this case (attached hereto as Exhibit 1). The Federal Circuit issued this decision less than a month after the Commission filed its Rule 56.2 brief (ITC Br. (Dkt. 51)) and less than a week after Defendant-Intervenor filed its Rule 56.2 brief in the instant case.

In *Sweet Harvest,* the Federal Circuit affirmed the U.S. Court of International Trade's affirmance of a Commission affirmative critical circumstances determination under the same legal framework that applies to this case. The Federal Circuit discussed the statutory scheme and made clear that the statute requires the U.S. Department of Commerce ("Commerce") and the Commission to make two separate findings before retroactive duties may be imposed. *See Sweet Harvest*, Slip Op. at 6-7, 2025 WL 2921493, at *3. First, Commerce must determine whether "there have been massive imports of the subject merchandise over a relatively short period." *Id.* at 6-7, 14, 2025 WL 2921493, at *3, *5-6 (citing 19 U.S.C. § 1673d(a)(3)(B) (quotations omitted)). Second, if Commerce has made that determination, then the Commission must determine "whether the imports subject to Commerce's" affirmative critical circumstances determination "are likely to undermine seriously the remedial effect of the {orders.}" *Id.* at 7, 14, 2025 WL 2921493, at *3, *5-6 (citing 19 U.S.C. § 1673d(b)(4)(A)(i) (quotations omitted)). As the Commission pointed out in its brief, there is no requirement that the Commission also make a "massive imports" finding. *See* ITC Br. at 6-7, 33-39.

Also in *Sweet Harvest*, the Federal Circuit found that regardless of whether a significant increase in subject import volume during the post-petition period was "stockpiled" by importers as inventory or sold to purchasers, it can still seriously undermine the remedial effect of the order. *See Sweet Harvest*, Slip Op. at 15, 2025 WL 2921493, at *6 (post-petition increase can undermine order "by diminishing demand for {in-scope merchandise}, whether because imported merchandise . . . has been stockpiled" as importers' inventory "or because such merchandise has already been sold (and is in purchasers' inventories) . . ."). This finding is consistent with the Commission's position in this case that "{w}hether they are held in inventory or immediately shipped to purchasers, a significant post-petition increase in subject import

2

volume can 'seriously undermine the remedial effect of the order.'"  ITC Br. at 42 (citations omitted).

Finally, in upholding the Commission's affirmative critical circumstances determination as supported by substantial evidence, the Federal Circuit in *Sweet Harvest* recognized that the Commission based its determination, in part, on "continued" underselling by "wide margins" during the post-petition period rather than any increase in underselling margins.  *Sweet Harvest*, Slip Op. at 11-12, 17-18, 2025 WL 2921493, at *5, *7-8.  This is consistent with the Commission's position in this case that it is not required to find that underselling intensified during the post-petition period and that it reasonably concluded that the continuation of significant underselling at wide margins was sufficient to drive the post-petition increase in subject import volume.  *See* ITC Br. at 45.

Respectfully submitted,

Margaret D. Macdonald
General Counsel

*/s/ Karl von Schriltz*
Karl von Schriltz
Assistant General Counsel

*/s/ Spencer Toubia*
Spencer Toubia
Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW
Washington, DC 20436
Telephone: (202) 205-2906
spencer.toubia@usitc.gov

*Attorneys for Defendant United States*

Date: October 28, 2025